# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 23-5296**  **September Term, 2023**

1:23-cv-00149-RBW

**Filed On:** March 8, 2024

In re: Fenyang Stewart,

      Petitioner

    **BEFORE:**    Henderson, Millett, and Walker, Circuit Judges

## O R D E R

Upon consideration of the petition for a writ of mandamus and the motion to stay, it is

**ORDERED** that the petition for a writ of mandamus be denied. The district court's transfer of the case to the United States District Court for the Eastern District of Virginia, which was completed on November 9, 2023, two days after the transfer order was entered on the docket, did not deprive this court of jurisdiction to review the mandamus petition. See In re Briscoe, 976 F.2d 1425, 1426-27 (D.C. Cir. 1992) (per curiam); Starnes v. McGuire, 512 F.2d 918, 935 (D.C. Cir. 1974) (en banc) ("Adequate and orderly review [of a transfer order] . . . requires that . . . transfer be delayed for a period of time after entry of the transfer order, during which time review may be sought in the transferor circuit."). On the merits, however, the district court did not abuse its discretion in transferring the case to the Eastern District of Virginia. See In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir. 1988) (per curiam). Venue is proper in the Eastern District of Virginia because that is the district where "the aggrieved person would have worked but for the alleged unlawful employment practice," see 42 U.S.C. § 2000e-5(f)(3); 29 U.S.C. § 794a(a)(1), and where "a substantial part of the events or omissions giving rise to the claim [under 42 U.S.C. § 1983] occurred," see 28 U.S.C. § 1391(b)(2); Sacco v. U.S. Marshals Serv., No. 95-5077, 1996 WL 174336, at *1 (D.C. Cir. Mar. 12, 1996) (applying § 1391(b) to § 1983 claim). It is

**FURTHER ORDERED** that the motion to stay be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.

### Per Curiam

                                **FOR THE COURT:**
                                Mark J. Langer, Clerk

                      BY:    /s/
                                Selena R. Gancasz
                                Deputy Clerk